<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CYNTHIA D. PARRISH,<br><br>*Plaintiff*,<br><br>v.<br><br>DAVID GREUNER, MD, ADAM M. TONIS, DC, CCRD, CHARLES H. STARKE, II, MD, CENTERS FOR SPECIAL SURGERY, NYC SURGICAL ASSOCIATES, JOHN/JANE DOE RN 1-10, fictitious names, JOHN/JANE DOE 1-10, fictitious names, ABC CORP. 1-10, fictitious names,<br><br>*Defendants*. | Civil Action No. 24-665<br><br>**OPINION**<br><br>October 1, 2025 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Defendants Centers for Special Surgery ("CSS") and Dr. Adam Tonis's (collectively "Defendants") Motion for Summary Judgment against Plaintiff Cynthia Parrish. (ECF 39-17, "Motion" or "Mot.") Plaintiff opposed the Motion (ECF 43, "Opposition" or "Opp.") and Defendants replied to the Opposition (ECF 45, "Reply"). The Court has decided this Motion upon the parties' submissions, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons set forth below, Defendants' Motion is **GRANTED**.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1, "Compl."), the Motion and related briefs, and the exhibits attached thereto. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

This case arises from injuries Plaintiff allegedly sustained "as a result of the medical treament [sic] and procedures she received from Defendants on January 12, 2022, January 17, 2022, January 31, 2022, and February 1, 2022, that were conducted by Dr. Gruener and NYC Surgical Associates[2] and/or Centers for Special Surgery at their New York City, New York, and Roseland, New Jersey office locations[.]" (Compl. ¶ 19.)  She accuses Dr. Greuner of presenting her with "what he represented was a viable alternative to knee replacement surgery" that would "alleviate the chronic knee pain that she had been suffering from" and "prolong the time that she had before undergoing a knee replacement surgery." (*Id*. ¶ 14.)  Plaintiff alleges that during the procedure, Dr. Greuner "injected an unknown foreign substance into the veins of Plaintiff's right leg which caused her to lose sensation in her leg and foot." (*Id*. ¶ 15.)  Shortly thereafter, Plaintiff allegedly "began experiencing swelling and pain in her right leg," leading her to contact Dr. Greuner. (*Id*.)  The doctor diagnosed Plaintiff with "compartment syndrome" and allegedly "inserted a stint [sic] into Plaintiff's affected leg, and thereafter released Plaintiff from his care to recover at her home." (*Id*.)  Plaintiff alleges that her condition continued to worsen to the point that she was in "excruciating pain." (*Id*. ¶ 16.)  She alleges that she again contacted Dr. Greuner, who advised her to travel from her home in Newark, New Jersey to Dr. Greuner's home in Brooklyn, New York, where the doctor allegedly treated her in his basement. (*Id*.)

Plaintiff alleges that, on February 4, 2022, following the treatment and procedures she received from Dr. Greuner, she was admitted to the emergency room at Newark Beth Israel Hospital "to undergo an emergency [f]asciotomy surgery." (*Id*. ¶ 14.)  Plaintiff alleges that the medical personnel at Newark Beth Israel determined that the leg injuries which she allegedly still suffers from to this day were "directly caused" by Dr. Greuner's injection of the "unknown foreign

---

[2] Hereinafter, "NYCSA."

2

substance" into Plaintiff's veins. (*Id.* ¶ 17.) Plaintiff further alleges that, on February 15, 2022, she learned that the emergency fasciotomy was necessary to correct "the compartment syndrome that had developed in her right leg," which she alleges was "caused by the negligence of Defendants" Dr. Greuner, NYCSA, and CSS. (*Id.* ¶ 14.) She also alleges that she "has endured tremendous pain and suffering along with undergoing multiple painful surgeries to treat and remove the necrotic tissue that died on her right leg and foot as a result of the unknown foreign substance that was injected and which currently remains trapped in her right leg. (*Id.* ¶ 18.)

Plaintiff also notes in her complaint that, on August 10, 2022, the New Jersey Attorney General and State Board of Medical Examiners ordered Dr. Greuner to cease and desist from the practice of medicine and surgery, and that on December 14, 2022, the State Board of Medical Examiners indefinitely suspended Dr. Greuner's medical license. (*Id.* ¶¶ 21-22.) Plaintiff notes that, on April 19, 2023, the New York State Board for Professional Medical Conduct also indefinitely suspended Dr. Greuner's license. (*Id.* ¶ 23.)

On February 5, 2024, Plaintiff filed the instant action, asserting jurisdiction under 28 U.S.C. § 1332, bringing claims for negligence and medical malpractice against Dr. Greuner, the registered nurses ("RNs") associated with his practice, and Dr. Charles Starke, as well as vicarious liability claims under the *respondeat superior* doctrine against NYCSA, Dr. Tonis, CSS, and unnamed corporations that may be affiliated with the named entities. (*Id.* ¶¶ 25-52.) Plaintiff seeks compensatory damages of $7,000,000.00 for her "permanent physical injuries, emotional and psychological harm resulting from Defendant's [sic] acts or practices[;]" an unspecified amount of punitive damages for Defendants' "willful, wantonly negligent or reckless disregard of Plaintiff's rights[;]" and reasonable attorney's fees and costs of suit. (*Id.* ¶ 53.)

On March 20, 2024, Defendants Dr. Greuner, Dr. Tonis, and NYCSA filed an Answer invoking twenty-three defenses, asserting crossclaims against co-Defendants Dr. Starke and CSS for contribution and indemnity, and demanding that Plaintiff provide affidavits of merit as to the three doctor defendants pursuant to N.J.S.A. 2A:53A-27 *et seq*. (*See generally* ECF 3.) On July 12, 2024, CSS filed an Answer asserting crossclaims for contribution and indemnification against all other co-Defendants and similarly demanding that Plaintiff produce an affidavit of merit. (*See generally* ECF 14.)

On October 21, 2024, counsel for Defendants filed a letter in relevant part advising the Court that Plaintiff had not returned the demanded affidavits of merits within either the baseline statutory deadline of 60 days from the filing of the suit or 120 from the same date upon showing of good cause. (ECF 25.) In the same letter, Defendants requested leave to file a motion to dismiss the Complaint with prejudice as to them on the basis that Plaintiffs failed to comply with New Jersey's statutory requirement for stating a claim for medical malpractice. (*Id*.) After the Court directed Plaintiff to respond to the letter (ECF 26), Plaintiff's counsel indicated that the delay in filing the affidavit resulted from a confluence of personal and professional obligations that rendered his professional responsibilities "more challenging to fulfill than anticipated." (ECF 27.)

On November 14, 2024, Plaintiff filed an affidavit of merit signed by Dr. Ali Amin, identifying Dr. Greuner, NYCSA, and CSS as parties whose conduct with respect to Plaintiff "fell outside of acceptable professional or occupational standards[.]" (ECF 33.) On November 19, 2024, the parties held a status conference before Magistrate Judge Wettre, and on November 21, 2024, counsel for Dr. Tonis and CSS affirmed in a letter that the Court had granted them leave to file a motion to dismiss with prejudice based on Plaintiff's failure to timely return the affidavit of merit. (ECF 34.)

On January 9, 2025, Defendants filed the Motion presently before the Court, seeking a ruling of summary judgment on their behalf for Plaintiff's failure to timely serve the affidavit of merit. (*See* Mot.) On February 4, 2025, Plaintiff filed her Opposition and an accompanying declaration (*See* Opp.; ECF 44, "Decl.") On February 10, 2025, Defendants Tonis and CSS replied. (*See* Reply.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted if the movant shows that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute about a material fact is

5

"genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Unsupported allegations, subjective beliefs, or argument alone, however, cannot forestall summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1988) (nonmoving party may not successfully oppose summary judgment motion by simply replacing "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."). Thus, if the nonmoving party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23). Moreover, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48.

### III.   ANALYSIS

The statute at issue in this Motion, N.J. Stat. Ann. § 2A:53A-27, mandates that any plaintiff bringing a medical malpractice claim must serve an affidavit of merit within 60 days of the defendant's answer, with the exception that a plaintiff may be granted up to 120 days total to serve the affidavit upon a showing of good cause. N.J. Stat. Ann. § 2A:53A-29 provides that failure to timely serve an affidavit of merit will be deemed a failure to state a cause of action. "[T]he overall purpose of the statute is to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation." *Couri v. Gardner*, 801 A.2d 1134, 1137 (N.J. Sup. Ct. 2002) (internal quotations omitted).

At the outset, it is worth acknowledging Defendants' rationale for styling the instant Motion as a motion for summary judgment. They note that "[w]hile the statutory language suggests a dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the Third Circuit has clarified that any non-compliance with the [a]ffidavit of [m]erit statute does not constitute a pleading deficiency, but instead presents a procedural bar that requires dismissal through summary judgment[.]" (Mot. at 3-4.) For support, they cite *Nuveen Mun. Trust v. Withumsmith Brown, P.C.*, 692 F.3d 283, 287 (3d Cir. 2012) and *Estate of Allen v. Cumberland County*, 262 F. Supp. 3d 112, 115 (D.N.J. 2017), which both articulate the rule that dispositive motions predicated on untimely service of affidavits of merit should be styled as summary judgment motions.

In their Motion, Defendants argue that this case fits these criteria exactly. Defendants assert that CSS was required to be served with an affidavit of merit because it is a "licensed person" as defined by N.J. Stat. Ann. § 2A:53A-26(j), and it is targeted both by Plaintiff's allegations of malpractice/negligence and by Plaintiff's claim for vicarious liability. (Mot. at 6-8.) Defendants similarly contend that Dr. Tonis was required to be served with an affidavit of merit for the same reasons. (*Id*. at 8-11.) Defendants next argue that the exceptions to the requirement that they be served with affidavits of merit—such as the common knowledge exception, the extraordinary circumstances exception, and the substantial compliance exception—do not apply. (*Id*. at 11-14.)

In her Opposition, Plaintiff argues that Defendants' Motion should be denied because Defendants have ignored Plaintiff's discovery requests, neither Defendant requires an affidavit of merit, and the Court has not held a *Ferreira* conference to determine the sufficiency of Plaintiff's affidavit of merit. Specifically, Plaintiff first argues that she has not received any discovery from Defendants and as such their Motion "is premature and granting Defendants' application would deprive Plaintiff of the right to present evidence to oppose the motion." (Opp. at 6.) Plaintiff then

7

argues that because Dr. Tonis's "negligence arose from his administrative duties as CEO of Centers for Special Surgery and in his capacity as the final review and sign off regarding the credentialing and privileging of physicians at Centers for Special Surgery" the affidavit of merit is not required as to him because "an affidavit will only be needed when the underlying harmful conduct involves professional negligence, implicating the standards of care within that profession[,]" citing *McCormick v. State*, 144 A.3d 1260, 1266 (2016). (*Id*. at 8-9.) As to CSS, Plaintiff argues that it "breached its duties as an ambulatory surgical center (ACS) and as a result no affidavit of merit is required." (*Id*. at 10.) Finally, Plaintiff argues that summary judgment should not be granted because the Court has not held a case management conference pursuant to *Ferreira v. Rancocas Orthopedic Assocs.*, 836 A.2d 779, 785 (N.J. Sup. Ct. 2003) "to assist the parties in addressing any alleged deficiencies regarding an [affidavit of merit] prior to Defendants' making an application for summary judgment." (*Id*. at 11-12.)

On Reply, Defendants argue that Plaintiff's Opposition is procedurally deficient in that Plaintiff does not include with it a statement of material facts responsive to Defendants statement of material facts. (Reply at 2.) They cite this Court's Local Rule 56.1(a) for the proposition that "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." (*Id*.) Defendants further argue that this amounts to a tacit confirmation that no genuine dispute of material fact exists in this case. (*Id*. at 2-3.) Defendants next argue that "discovery has absolutely no bearing on Plaintiff's obligation to serve a timely affidavit of merit" such that her arguments relating to Defendants' failure to reply to discovery requests or produce documents are inapposite to the matter currently before the Court. (*Id*. at 5.) Regarding Plaintiff's contention that she was not required to serve affidavits on either Defendant, Defendants first argue that "[s]ince Plaintiff's claim against Dr. Tonis is based solely on vicarious liability, for Dr. Greuner's

8

alleged negligence, it cannot survive unless there is a valid, timely [a]ffidavit of [m]erit supporting the claims against Dr. Greuner[,]" citing *McCormick v. State*, 144 A.3d 1260, 1265 (N. J. App. Div. 2016). (*Id*. at 7.) Defendants make a similar argument regarding CSS. (*Id*. at 7-8.) Finally, Defendants dispute Plaintiff's argument regarding the necessity of a *Ferreira* conference by arguing that "federal courts, including the District of New Jersey, do no[t] hold Ferreira [sic] conferences and are not bound by state court's procedural framework[,]" citing *Nuveen*, 692 F3d at 304-305 and *Paragon Contrs., Inc. v. Peachtree Condominium Assn.*, 202 N.J. 415, 424 (2010). (*Id*. at 9.) They note that "Plaintiff initiated this action in federal court and, therefore, should have been familiar with the federal procedural rules. (*Id*.)

The Court is persuaded by Defendant's arguments. First, Plaintiff's legally unsupported contention that Defendants' Motion is improper because the parties have not exchanged or completed discovery is inapposite. As discussed above, motions to dispose of an action predicated on a party's failure to timely serve an affidavit of merit are properly treated as motions for summary judgment. *See Nuveen*, 692 F3d at 287. While Plaintiff is correct that motions for summary judgment typically follow a discovery period in which the parties exchange requests, interrogatories, answers, and documents, in this instance discovery concerning the substantive allegations in the Complaint does not impact the Court's ability to rule on Defendants' Motion, which deals exclusively with Plaintiff's obligation to serve the affidavit of merit.

Second, Plaintiff has failed to demonstrate the existence of a genuine dispute of material fact as to whether the affidavit of merit was filed late. Defendants noted that Plaintiff did not include a response to their statement of undisputed material facts, and they are correct that, under this Court's precedents and Local Rules, this amounts to a tacit concession of all facts as Defendants presented them. It is thus undisputed that Plaintiff was late in filing the affidavit, and

9

that the late filing was caused by Plaintiff's counsel's inadvertence, as admitted in his letter to the Court. (ECF 27.) The Third Circuit has found similar instances of inadvertence to be a sufficient basis to grant a party's dispositive motion based on late service of an affidavit of merit. *See, e.g., Seldon v. Rebenack, Aronow & Mascolo, LLP*, 541 F. App'x 213 (3d Cir. 2013) (affirming a dismissal resulting from plaintiff's lawyer's failure to properly stamp and serve affidavit of merit).

Third, no exceptions apply to relieve Plaintiff of her obligation to serve the affidavit of merit on Dr. Tonis and CSS. Though Plaintiff attempts to cast her claims differently in her Opposition brief, in her Complaint she brings claims for vicarious liability for Dr. Gruener's alleged malpractice against both Dr. Tonis and CSS. (Compl. ¶¶ 49-52.) Under New Jersey law, a party asserting a claim for vicarious liability predicated on the alleged tortious conduct of a licensed professional must state the underlying claim fully, including by timely serving the affidavit of merit on the alleged tortfeasor. *McCormick*, 144 A.3d at 1266. Here, Plaintiff failed to timely serve the affidavit on Dr. Greuner, effectively failing to completely state a claim for malpractice, so the attendant claims of vicarious liability fail as a matter of law.

Finally, Defendants are correct that a *Ferreira* conference is not necessary here. The purpose of the conference is to "address all discovery issues, including whether an affidavit of merit has been served on defendant." *Ferreira*, 836 A.2d at 785. The conference is a procedural creation of New Jersey state law, and federal courts are not bound by state procedures. *Nuveen*, 692 F3d at 304-305. Moreover, the conference is not a prerequisite to or preemption of a party's duty to timely serve the affidavit of merit—the statutory deadlines exist independently of the rule that calls for the conference. *Seldon*, 541 F. Appx. at 214. As such, the Court is not required to hold a *Ferreira* conference, and the absence of such a hearing does not absolve Plaintiff of her

10

duty to comply with New Jersey's substantive requirements for stating a tort claim against licensed defendants.

### IV. CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment is **GRANTED**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Leda D. Wettre, U.S.M.J.
     Parties